IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GRANT, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-6132 |
| KEVIN KAUFFMAN, *et al.*, | : | |
| Respondents. | : | |

## MOTION TO APPOINT COUNSEL

Respondents respectfully request the appointment of federal habeas counsel for *pro se* petitioner Michael Grant under 18 U.S.C. § 3006A(a)(2)(B) and that the current deadline for response to Grant's F.R.C.P 59(e) motion be stayed due to a need for discovery that was never provided to petitioner prior to the denial of relief.

1. Michael Grant is serving an aggregate term of twenty-five to fifty years of imprisonment followed by 15 years of probation for attempted murder, robbery of a motor vehicle, and related charges.

2. Grant filed a *pro se* petition for a writ of habeas corpus. ECF No. 1. He raised nine claims, including the claim that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that Mahn Doan, the victim of the carjacking who identified Grant as one of the perpetrators, had prior state and federal convictions for offenses that qualified as *crimen falsi*, which could have been used to impeach him at trial.

3. Grant filed a motion requesting discovery, including discovery regarding Doan. ECF No. 5. The Magistrate Judge denied his motion because he had not established good cause; this denial was without prejudice. ECF No. 9.

4. In 2020, Respondents filed a response to the petition in which they argued that all the claims other than the *Brady* claim were procedurally defaulted and that the *Brady* claim was meritless because the Superior Court reasonably determined that Grant "'could not prove that the Commonwealth knew or possessed any impeachment evidence, and he cannot show that there is a reasonable probability the outcome of the trial would have been different or that he received an unfair trial.'" ECF No. 16 at 14 (quoting *Commonwealth v. Grant*, 2019 WL 1988665, *6 (Pa. Super. Ct. May 6, 2019)). Regarding possession, Respondents specifically argued that *Brady* was not violated because the Commonwealth did not possess the *federal* convictions; "[r]ather, it was within the control of the federal government, which played no role in the prosecution of this case." ECF No. 16 at 14. Respondents did not address Doan's *state* conviction in the response. *See* CP-51-CR-1007872-1999 (Doan was convicted of theft by unlawful taking, theft by deception, and criminal conspiracy in 2001 in the Philadelphia Court of Common Pleas).

5. Grant filed a reply in support of his petition. ECF No. 19. In it, he argued that Respondents had failed to address Doan's state conviction, and that, at a minimum, the state conviction was possessed by the Commonwealth. *Id.* at 1. Grant argued that Doan's convictions were material because they suggest that Doan had cooperated with the Commonwealth on prior cases and therefore had a "potential bias in favor of the prosecution." *Id.* at 2. Petitioner asked that either the Court grant his petition "or order discovery (including but not limited to Mr. Doan's state and federal records, his federal transcripts showing his cooperation, any files the Philadelphia Police of District Attorney's office may have regarding his cooperation…)." *Id.* at 4–5.

6. Grant also separately filed a renewed motion for discovery. ECF No. 17. In that motion, he asked for "Doan's criminal record (including whether or not he cooperated with the DA on those or any other cases)." *Id.* at 1. He argued that this information "is necessary to show the extent of the *Brady* violation." *Id.* This motion was never ruled on.

7. A report and recommendation ("R&R") was issued recommending that Grant's petition be denied. ECF No. 30. The R&R found that Grant was not entitled to relief on his *Brady* claim because the following determinations by the Superior Court were reasonable: (1) that the Commonwealth

did not "possess" any impeachment evidence (ECF No. 30 at 14–15, n.8), and (2) that Doan's convictions were not material under *Brady* due to the evidence of his guilt, which it characterized as overwhelming. (ECF No. 30 at 15–16).

8. Grant filed objections to the R&R in which he noted that his second request for discovery had not been ruled on, and he argued that the requested discovery was important because the full extent of Doan's record was relevant to the *Brady* materiality analysis, since any cooperation with the government would allow for impeachment based on bias as opposed to generic untruthfulness. ECF No. 32 at 1. As to the *Brady* claim directly, he argued that the Superior Court's determination that the Commonwealth did not possess Doan's criminal record because "those convictions were all prosecuted under a different name. Therefore, searching for Mr. Doan's name would not have revealed the convictions" was inaccurate. *Id.* at 2 (quoting *Grant*, 2019 WL 1988665 at *6). Contrary to the Superior Court opinion, some of Doan's convictions were prosecuted under his legal name. *Id.* at 2–3. And when the Commonwealth was ordered to provide Doan's criminal record during PCRA proceedings, it found his full record in the Commonwealth's NCIC criminal record database. *Id.* at 3. Therefore, Grant

argued, Doan's criminal record was in the possession of the Commonwealth, and thus the Commonwealth's failure to provide that record to the defense was a *Brady* violation. He also argued that the lack of physical evidence and the discrepancies in witness testimony made the Superior Court's finding of overwhelming evidence unreasonable. *Id.* at 6–8.

9. This Court approved and adopted the R&R and dismissed Grant's habeas petition. ECF No. 34.

10. Less than two weeks later, Grant filed a motion to alter judgment under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 35. Such a motion may be granted, among other reasons, "to correct manifest errors of law or fact." Wright and Miller, *Federal Practice and Procedure*, § 2810.1 (2d ed. 1995). In this motion, Grant again argues that he is entitled to relief on his *Brady* claim and that he should have been provided with discovery given the good cause shown in this case. ECF No. 35 at 4.

11. This Court ordered Respondents to respond to Grant's motion. ECF No. 36. For the reasons that follow, the Court should appoint counsel for Grant so that the parties can undertake voluntary discovery and Grant can have an opportunity to file a counseled amended motion.

12. First, Respondents are constrained to acknowledge that their 2020 response to Grant's petition (ECF No. 16) was erroneous because it did not

5

acknowledge Doan's state conviction when it represented to the Court that the Commonwealth did not possess Grant's convictions. Regardless of whether the Commonwealth's access to the NCIC criminal record database put the Commonwealth in possession of Doan's federal convictions—a point on which Respondents take no position here—the state conviction (which was from Philadelphia County) plainly was possessed by the Commonwealth. Therefore, the Commonwealth did suppress Doan's state conviction. Whether the suppression of Doan's record was purposeful is not a relevant consideration under *Brady*. *See Brady*, 373 U.S. at 87 ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, *irrespective of the good faith or bad faith of the prosecution*.") (emphasis added). And the Commonwealth's subsequent retrieval of Doan's state conviction during PCRA proceedings shows that had the Commonwealth searched for Doan's criminal record prior to trial, his state conviction could have been retrieved. And it never has been disputed that evidence that the prosecution witness had been convicted of *crimen falsi* was favorable under *Brady*. *Commonwealth v. Grant*, No. 1847 EDA 2019 WL 1988665, at *6 (Pa. Super. Ct. May 6, 2019). Therefore, the only real issue is whether Doan's criminal record was material under *Brady*.

13. Following the lead of Respondents' response, the R&R concluded that the Superior Court reasonably held that Doan's criminal record was not material due to the overwhelming evidence of Grant's guilt. However, Respondent's response, the R&R, and the Superior Court opinion did not acknowledge that the jury deliberated over three days in this case. *See* N.T. 9/23/08; N.T. 9/24/08; and N.T. 9/25/08. During deliberations, the jury asked twelve questions, including six that related to Doan's testimony. N.T. 9/24/08 at 3–7. The jury asked for reasonable doubt to be redefined. N.T. 9/25/08 at 6. And the jury reported that it was deadlocked on all counts, twice. N.T. 9/24/08 at 13; N.T. 9/25/08 at 3. The second time, the trial court gave the jury a "Spencer charge," *Commonwealth v. Spencer*, 275 A.2d 299 (Pa. 1971), urging them to "consult with each other and to deliberate with a view towards reaching a unanimous agreement" and to "reexamine his or her own views and to change his opinion if convinced that it is erroneous." N.T. 9/25/08 at 5. The length of the deliberations and the fact that the jury indicated they were deadlocked twice are difficult to square with the Superior Court's determination that the evidence of guilt here was "overwhelming." *See Johnson v. Superintendent Fayette SCI*, 949 F.3d 791, 805 (3d Cir. 2020) ("the length of jury deliberations may be one consideration in assessing the strength of the prosecution's case"). Although Respondents'

7

2020 response omitted any mention of the length of the jury's deliberations, its questions during deliberations, or the fact that the jury twice reported being deadlocked, Respondents now recognize that this record bears directly on whether the evidence of guilt was strong enough to foreclose materiality.

14. The evidence of guilt included identifications of Grant as the perpetrator by Doan and by Officer John Zirilli. Even with Doan's criminal history disclosed, these two identifications still provide a legally sufficient basis for a jury to find Grant guilty. On the other hand, there was no physical evidence connecting Grant to the crime, Doan initially described the person alleged to be Grant as both "heavy set" but also 130 pounds (when Grant was over 300 pounds), and Officer Zirilli, who did not know Grant prior to this incident, only identified Grant two years after the incident for the first time. While valid evidence of Grant's guilt remains, given the lack of physical evidence and the fact that the jury stated it was deadlocked twice, Respondents must now acknowledge that there was not overwhelming evidence of guilt here.

15. Grant has repeatedly requested discovery to determine whether Doan had cooperated with the Commonwealth and therefore may have

been biased, and based on the above, Respondents ask that counsel be appointed so that counsel can conduct a review of the Commonwealth's file pursuant to its open-file policy. In addition, Respondents have found that two officers involved in this case have a police misconduct history that it will disclose to appointed counsel, although Respondents take no position on the relevance of any of these disclosures to any claim(s).

For these reasons, although Respondents now take no position on the merit of Grant's *Brady* claim, Respondents respectfully request the appointment of counsel for Grant and to stay the schedule for Respondents' response to Grant's 59(e) motion to allow counsel to meet with Grant, undertake discovery, and prepare a counseled filing.

Respectfully submitted,

*/s/Katherine Ernst*
Katherine Ernst, Esquire
Assistant District Attorney
Federal Litigation Unit

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GRANT, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-6132 |
| KEVIN KAUFFMAN, *et al.*, | : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2022, the foregoing was served on petitioner via first-class mail at the following address:

> Smart Communications/PA DOC[1]
> Michael Grant
> HV-2196
> SCI Coal Township
> P.O. Box 33028
> St. Petersburg, FL 33733

---

[1] The respondents are required by Pennsylvania Department of Corrections policy to mail this to the petitioner using the Smart Communications address. The applicable policy provides, "all incoming inmate mail (other than privileged) must be sent to the Department's contracted incoming inmate mail processor," which is Smart Communications. *See* Pa. DOC, DC-ADM 803, section 1 (C)(1). Respondents' legal filings are not "privileged," because counsel for the respondents do not represent the petitioner or have any other relationship with the petitioner that would make their communications privileged. Therefore, the respondents are prohibited by the DOC's policy from mailing documents directly to the petitioner at the address of the prison where the petitioner is in custody.

2

/s/ *Katherine Ernst*
Katherine Ernst, Esquire
Assistant District Attorney
Federal Litigation Unit