## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GRANT,                 :      Civil Action No. 19-6132
      Petitioner          :
                         :
   vs.                    :
                         :
KEVIN KAUFFMAN, *et al.*,     :
      Respondents      :

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
### HIS MOTION TO ALTER OR AMEND THE JUDGMENT

**1.**    <u>**A Brief History of the Case**</u>

        On December 29, 2006 at approximately 6:45 PM, two black males stole a car, two cell phones and $4.00 from Manh Doan (DOB – October 4, 1968) in Philadelphia.   An off-duty Philadelphia police officer saw the theft and followed the stolen car.   It stopped.   The passenger exited it and fired shots at the police officer.   He got back into the car and it sped off. Both its occupants fired shots at the officer; he was not injured.   He shot back at them.   The chase continued.   The stolen car stopped again.   Both occupants tried to flee on foot.   Its driver, Antwan White, was arrested at the scene of the car stop.   The passenger got away.

        Mr. Grant was arrested early the next day at a local hospital.   He was charged as the passenger of the stolen car with numerous offenses in the Court of Common Pleas of Philadelphia County, Pennsylvania at No. CP-51-CR-0003425-2007and No. CP-51-CR-003426-2007.

        The case was assigned to the Honorable Sandy L.V. Byrd ("Judge Byrd" or "Trial Court").   The Commonwealth of Pennsylvania was represented by Assistant District Attorney Erica Wilson, Esquire.   Mr. Grant was represented by Mythri Jayaraman, Esquire ("Defense

Counsel").

On September 17, 2008, a jury trial commenced.   On September 25, 2008, the jury found Mr. Grant guilty of Attempted Murder, Aggravated Assault, Robbery, Criminal Conspiracy and related firearms offenses.

On November 25, 2008, the Trial Court sentenced Mr. Grant to an aggregate term of imprisonment of 25 to 50 years to be followed by 15 years of probation.

Mr. Grant subsequently pursued Pennsylvania appellate review without success. He subsequently pursued Pennsylvania post-conviction relief without success.

On December 26, 2019, Mr. Grant filed a timely *pro se* Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition"). (Doc. 1)   The case was assigned to the Honorable Chad F. Kenney ("Judge Kenney" or "the Court").   He subsequently referred this matter to United States Magistrate Judge David R. Strawbridge for the preparation of a Report and Recommendation.

On December 4, 2020, Respondents filed a Response to the Habeas Petition. (Doc. 16)   On January 14, 2021, Mr. Grant filed a Reply to this response.   (Doc. 19)

On July 27, 2022, Judge Strawbridge filed a Report and Recommendation which recommended that the Habeas Petition be denied and dismissed and that a certificate of appealability ("COA") should not issue.   (Doc. 30)

On August 19, 2022, Mr. Grant filed an Objection to the Report and Recommendation.   (Doc. 32)

On October 6, 2022, Judge Kenney issued an Order approving and adopting the Report and Recommendation and denying and dismissing the Habeas Petition and ruling that

there was no probable cause to issue a COA.  (Doc. 34)  He issued a supporting Memorandum the same day.  (Doc. 33)

On October 19, 2022, Mr. Grant filed a Motion to Alter or Amend the Judgment. (Doc. 35)  According to Federal Rule of Civil Procedure 59(e), such a motion must be filed no later than 28 days after the entry of the judgment.  Here, Mr. Grant complied with this rule by filing his motion 13 days after the filing of the relevant Order by Judge Kenney on October 6, 2022.  (Doc. 34)

On December 15, 2022, Appellees filed a Motion to Appoint Counsel in which they requested that Judge Kenney appoint counsel for Mr. Grant in order to allow the parties to engage in voluntary discovery and to allow Mr. Grant the opportunity to file an amended motion prepared by counsel.  (Doc. 39)

On January 3, 2023, Judge Kenney appointed Mr. Dreyer to represent Mr. Grant. (Doc. 42)

On January 19, 2023, Mr. Dreyer executed a Discovery Agreement which was provided by the Philadelphia County District Attorney's Office ("DA's Office") and which set forth the ground rules for its production of discovery to him.

On January 25, 2023, Mr. Dreyer traveled to the DA's Office in order to engage in discovery by obtaining copies of the relevant portions of its file in accordance with the Discovery Agreement.  As a result of this agreement, the DA's Office provided 324 pages of discovery to him.

On February 1, 2023, Judge Kenney granted Mr. Grant's request to extend the deadline for the filing of the instant brief to March 3, 2023.

-3-

## 2. The Antiterrorism and Effective Death Penalty Act of 1996

According to the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, if (2) the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. Section 2254(d).

With regard to Subsection (d)(1), "clearly established Federal law, as determined by the Supreme Court of the United States" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003). It "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The petitioner "must identify the relevant 'clearly established Federal law' upon which his claim depends," which is to say that he "must identify the Supreme Court precedent that provides the foundation for his claim." *Henry v Horn*, 218 F.Supp.2d 671, 695 (E.D.Pa. 2002).

A state court decision is "contrary to" clearly established federal law if the state court (1) "applies a rule that contradicts the governing law" set forth in Supreme Court precedent

or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different" from that reached by the Supreme Court. *Williams*, 529 U.S. at 405-06.

A state court decision is an "unreasonable application of federal law" if the state court "identifies the correct governing legal principle," but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In order for a state court's decision to be an unreasonable application of Supreme Court case law, the ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice. *Virginia v. LeBlanc*, 582 U.S. ---, 137 S.Ct. 1726, 1729, 198 L.Ed.2d 186 (2017).

With regard to Subsection (d)(2), a state court decision rests on an unreasonable determination of facts only if the state court's findings of fact are objectively unreasonable in light of the evidence presented in the state court at the time of its adjudication. *Blystone v. Horn,* 664 F.3d 397, 418 (3d Cir.2021); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011). In general, the state court' finding of fact are presumed to be correct, but the petitioner may rebut this presumption by "clear and convincing evidence." 28 U.S.C. Section 2254(e)(1).

### 3. The *Brady* Claims

#### A. *Crimen Falsi* Convictions

Mr. Grant was tried in a Pennsylvania court. Pennsylvania Rule of Evidence 609 is titled "Impeachment by Evidence of a Criminal Conviction". Subsection (a) of this rule provides that evidence that any witness has been convicted of a crime involving dishonesty or falsehood must be admitted for the purpose of attacking the credibility of the witness. Such

-5-

convictions are known as *crimen falsi.* The purpose of this rule is to cast doubt on the veracity

of a witness. *Commonwealth v. Bighum*, 452 Pa. 554, 566, 307 A.2d 255, 262 (1973).

Mr. Grant's first claim is that the Commonwealth of Pennsylvania, acting by and

through the DA's Office, improperly withheld from him prior to trial the complete criminal

history of its principal witness, Mahn Doan a/k/a Bruce Moan ("Mr. Doan"), which included

numerous prior *crimen falsi* convictions as follows:

1.)    Commonwealth of Pennsylvania vs. Bruce Doan – Court of
Common Pleas of Philadelphia County, Pennsylvania; No. CP-51-CR-1007872-1999:

A.)    August 10, 1999 – he was arrested

B.)    July 19, 2001 – he pleaded guilty to Theft by Unlawful
Taking or Disposition, Theft by Deception and Criminal Conspiracy

C.)    He received "No Further Penalty" according to the First
Judicial District of Pennsylvania Secure Court Summary ("Court Summary")

See the true and correct copy of the Court Summary which lists his date of birth as October 4,

1968 and which is attached hereto and incorporated by reference herein as Exhibit "A".

2.)    Commonwealth of Pennsylvania vs. Bruce Doan – Court of
Common Pleas of Philadelphia County, Pennsylvania; No. MC-51-CR-0546041-1999:

A.)    August 10, 1999 – he was arrested

B.)    October 13, 1999 – he was held for court on Bad Checks,
Theft by Receiving Stolen Property, Theft by Unlawful Taking or Disposition, Theft by
Deception, Tampering with Public Records/Information and Securing Executed Documents by
Deception

C.)    The Court Summary does not contain any further information
about these 6 charges. Obviously, if Mr. Doan pleaded guilty to any of them or was found
guilty of any of them at a trial, he would have additional *crimen falsi* convictions which should
have been provided to Defense Counsel for use in cross-examining Mr. Doan at the trial.

See Exhibit "A".

3.)    United States v. Bruce Doan (#53446-066) - United States District Court for the Eastern District of Pennsylvania; Criminal Action No. 2000-181-1:

A.)    April 11, 2000 – the Indictment was filed (Doc. 15)

B.)    June 15, 2000 – he pleaded guilty to Bank Fraud and Counterfeit Checks (Doc. 20)

C.)    October 7, 2002 – he was sentenced to a term of imprisonment of 12 months and 1 day and a term of supervised release of 5 years and ordered to pay a special assessment of $200.00 and restitution of $137,359.81 (Doc. 32)

D.)    By Order dated October 1, 2008, his supervised release was terminated as of September 23, 2008 (Doc. 54)  As a result, he was on federal supervised release when he testified against Mr. Grant on September 18, 2008.

See the true and correct copy of the Criminal Docket which is attached hereto and incorporated

by reference herein as Exhibit "B".

4.)    United States vs. Mahn Huu Doan (#53446-066) – United States District Court for the Eastern District of Pennsylvania; Criminal Action No. 2006-357-1:

A.)    August 18, 2006 – the Indictment was filed (Doc. 1)

B.)    September 15, 2006 – he pleaded guilty to Conspiracy, Wire Fraud, False Statements to HUD and Identity Fraud (Doc. 68)

C.)    October 6, 2006 – Sentencing was scheduled for December 28, 2006 – Sentencing was thereafter continued on at least seven occasions (Docs. 95, 122, 141, 167, 172, 192, 287 and 293)

D.)    June 16, 2009 – he was sentenced to an aggregate term of imprisonment of 151 months and an aggregate term of supervised release of 3 years and ordered to pay a special assessment of $400.00, a fine of $5,000.00 and restitution of $5,565,672.75 (Doc. 320)

See the true and correct copy of the Criminal Docket which is attached hereto and incorporated

by reference herein as Exhibit "C".

Because each of these convictions occurred within 10 years of Mr. Doan's trial

testimony on September 18, 2008, they are within the time limit set forth in Pennsylvania Rule of

Evidence 609(b), thereby authorizing their use as an impeachment tool by Defense Counsel.

Mr. Doan had another *crimen falsi* conviction as follows:

        5.)   State of New Jersey vs. Manh H. Doan – Superior Court of Atlantic County

            A.)   April 27, 1995 – he was arrested

            B.)   September 25, 1995 – he was adjudged guilty of Theft by Deception, a felony

            C.)   December 1, 1995 – he was sentenced to a jail term of 1 day and a term of probation of 3 years and ordered to pay an assessment of $4,020.00. See the true and correct copy of the criminal record which lists his date of birth as October 4, 1968 and which is attached hereto and incorporated by reference herein as Exhibit "D".

Because this New Jersey conviction occurred more than 10 years before Mr. Doan's testimony on September 18, 2008, Judge Byrd would have had to determine whether its probative value substantially outweighed its prejudicial effect in accordance with Pennsylvania Rule of Evidence 609(b)(1). In light of the fact that Mr. Doan had at least six other *crimen falsi* convictions within the 10-year time period, Judge Byrd may very well have concluded that the probative value of this New Jersey conviction substantially outweighed its prejudicial effect, thereby authorizing its use as another impeachment tool by Defense Counsel.

In *Skinner v. Switzer*, 562 U.S. 521, 536 131 S.Ct. 1289, 1300, 179 L.Ed.2d 233, the Supreme Court discussed *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) by stating that this case:

> proscribes withholding evidence "favorable to an accused" and "material to [his] guilt or to punishment." *Cone v. Bell*, 556 U.S. 449, 451, 129 S.Ct. 1769, 1772, 173 L.Ed.2d 701 (2009). To establish that a *Brady* violation undermines a conviction, a convicted defendant must

> make each of three showings: (1) the evidence at issue is
> "favorable to the accused, either because it is
> exculpatory, or because it is impeaching"; (2) the State
> suppressed the evidence, "either willfully or
> inadvertently"; and (3) "prejudice . . . ensued."
> *Strickler v. Greene*, 527 U.S. 263, 281-282, 119 S.Ct.
> 1936, 144 L.Ed.2d 286 (1999); see *Banks v. Dretke*, 540
> U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004).

Impeachment evidence falls within the *Brady* rule.   *Bagley v. United States*, 473 U.S. 667, 676,

105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

Under *Brady*, when the State withholds from a defendant evidence which is

material to his guilt or punishment, it violates his right to due process in violation of the

Fourteenth Amendment.   *Cone v. Bell*, 556 U.S. 449, 469, 129 S.Ct. 1769, 1782-1783, 173

L.Ed.2d 701 (2009).   *Brady's* overriding concern is with the justice of the finding of guilt and

the government's interest in a criminal prosecution is that justice is done, and not that it wins a

case.   *Turner v. United States*, --- U.S. ---, 137 S.Ct. 1885, 1893, 198 L.Ed.2d 443 (2017).

### First Prong

Respondents concede that Mr. Grant has made a showing of the first

*Brady* prong: that the evidence was favorable to him because it is impeaching.   In Paragraph 12

of the Motion to Appoint Counsel, they state that "it never has been disputed that evidence that

the prosecution witness had been convicted of *crimen falsi* was favorable under *Brady*." (Doc.

39)

### Second Prong

Respondents likewise concede that Mr. Grant has made a showing of the

second *Brady* prong: that the Commonwealth suppressed his Pennsylvania state conviction.   In

Paragraph 12 of the Motion to Appoint Counsel, they state:

-9-

> . . . the Commonwealth did suppress Doan's
> State conviction. Whether the suppression of
> Doan's record was purposeful is not a relevant
> consideration under *Brady*. *See Brady*, 373
> U.S. 87 ("suppression by the prosecution of
> evidence favorable to an accused upon request
> violates due process where the evidence is material
> either to guilt or to punishment, *irrespective of the
> good faith or bad faith of the prosecution.*")
> (emphasis added). And the Commonwealth's
> subsequent retrieval of Doan's state conviction
> during the PCRA proceedings shows that had the
> Commonwealth searched for Doan's criminal
> record prior to trial, his state conviction could have
> been retrieved.

(Doc. 39)

Mr. Grant goes farther than Respondents. In addition to meeting the second prong because the Commonwealth withheld Mr. Moan's Pennsylvania state *crimen falsi* convictions, he meets this prong because the Commonwealth suppressed Mr. Doan's federal *crimen falsi* convictions and his New Jersey state *crimen falsi* conviction as well. Besides containing all the criminal history information outlined above, the discovery also contained a document dated November 23, 2016 which outlined his three federal cases and which set forth his eight Subject Name(s) as follows:

> Mahn Doan
> Bruce Doan (aka)
> Bruce H. Doan (aka)
> Huu Mann Doan (aka)
> Lucky Doan (aka)
> Mahn Huu Doan (aka)
> Manh Hoo Doan (aka)
> Manh Huu Doan (aka)

This document listed his date of birth as October 4, 1968, his FBI Number, his New Jersey Identification Number and his Pennsylvania Identification Number. See the true and correct

-10-

copy of the document which is attached hereto and incorporated by reference herein as Exhibit "E". This detailed biographical information linked all of these aliases and criminal history information to the same person, Mr. Doan, by whatever name he was using at a particular time.

The DA's Office marked all 324 pages of discovery, including each of the exhibits attached hereto, "M. Grant Fed Lit 2023" in bold, huge letters prior to providing them to Mr. Dreyer. Having quite easily obtained these documents after Mr. Grant's trial, one can safely conclude that the DA's Office could just as easily obtained the same documents prior to trial. As noted by Respondents in Paragraph 8 of the Motion to Appoint Counsel, ". . . when the Commonwealth was ordered to provide Doan's criminal record during PCRA proceedings, it found his full record in the Commonwealth's NCIC criminal record database." (Doc. 39) The record in this case establishes beyond dispute that Mr. Doan's federal *crimen falsi* convictions and his New Jersey state *crimen falsi* conviction, like his Pennsylvania state *crimen falsi* convictions, were in the possession of the DA's Office prior to trial and should have been turned over to Defense Counsel for use at trial. Respondents concede that whether this office failed to do so willfully or inadvertently is irrelevant; see Paragraph 12 of Doc. 39.

Moreover, the prosecutor's duty to disclose is absolute and does not depend on the actions of defense counsel; it exists even if defense counsel makes no request to produce the evidence. *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1972). The emphasis in the Supreme Court's *Brady* jurisprudence on fairness in criminal trials reflects this case's concern with the government's unquestionable advantage in criminal proceedings and, as a result, the concept of defense counsel's due diligence plays no role in the *Brady* analysis. *Dennis v. Secretary, Pennsylvania Department of Corrections*, 834 F.3d 263,

-11-

290-292 (3d Cir.2016). The prosecution, not the defense, is equipped with the resources to accurately and comprehensively verify a witness' criminal background. *Wilson v. Beard*, 589 F.3d 651, 663 (3d Cir.2009).

Citing the Opinion of the Trial Court that "there was no evidence the Commonwealth was aware of the victim's criminal convictions" because they were "all prosecuted under a different name", the Pennsylvania Superior Court concluded that Mr. Grant "could not prove that the Commonwealth knew or possessed any impeachment evidence." (Page 11 of Doc. 16-2) In light of the facts outlined above, this conclusion was an unreasonable application of federal law. Although the Superior Court identified the correct governing legal principle, it unreasonably applied it to the facts of the instant case. In other words, its determination that the Commonwealth did not withhold this evidence was based on an unreasonable application of *Brady* and its progeny. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (whether the non-disclosure was the result of negligence or design, it is the prosecutor's responsibility). Mr. Grant has proven that the Commonwealth possessed each one of his numerous *crimen falsi* convictions prior to trial.

### Third Prong

In Paragraph 12 of the Motion to Appoint Counsel, Respondents posit that "the only real issue is whether Doan's criminal record was material under *Brady*." (Doc 39) Mr. Grant will now make a showing of the third *Brady* prong; that the suppression of this evidence was material to the jury's determination of his guilt.

The prosecutor's *Brady* duty extends to impeachment evidence as well as exculpatory evidence and such evidence is material if there is a reasonable probability that, had it

been disclosed to the defense, the result of the proceeding would have been different. *Youngblood v. West Virginia*, 547 U.S. 867, 869-870, 126 S.Ct. 2188, 2190, 165 L.Ed.2d 269 (2006). A reasonable probability does not mean that the accused would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine confidence in the outcome of the trial. *Smith v. Cain*, 565 U.S. 73, 75, 132 S.Ct. 627, 630, 181 L.Ed.2d 571 (2012). The question is whether the accused received a fair trial in the absence of the evidence, which is understood as a trial resulting in a verdict worthy of confidence; a reasonable probability of a different result is shown when the government's evidentiary suppression undermines the confidence in the outcome of the trial. *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566. 131 L.Ed.2d 490 (1995). In other words, the question is whether there was a reasonable probability (less than a preponderance) of shifting even one juror's vote. *Turner v. United States*, --- U.S ---, 137 S.Ct. 1885, 1896-1897, 198 L.Ed.2d 443 (2017).

In *Breakiron v. Horn*, 642 F.3d 126, 132-135 (3d Cir.2011), the district court ruled that the Mr. Breakiron was entitled to a new trial in a first-degree murder and robbery case because the Commonwealth failed to disclose that one of its witnesses (1) had sought a deal from prosecutors in exchange for his testimony against Mr. Breakiron; (2) was a suspect in another criminal investigation pending at that time; and (3) had been convicted of an impeachable *crimen falsi* offense (assault with the intent to rob in Michigan). The Third Circuit affirmed. Like Mr. Breakiron, Mr. Grant should receive a new trial.

Respondents may attempt to rebut Mr. Grant's argument by suggesting that the evidence was cumulative or that defense counsel used many other types of evidence to cross-

-13-

examine Mr. Doan.  However, the mere fact that a witness has been heavily cross-examined or impeached at trial does not preclude a determination that additional impeachment evidence is material under *Brady.   Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, n. 10 (3d Cir.2021).

Had the Commonwealth properly discharged its *Brady* duty to Mr. Grant prior to trial, Defense Counsel would have been able to pursue the following advantageous strategies on his behalf:

First Benefit of Having Mr. Doan's Complete Criminal History Prior to Trial

Defense Counsel would have been able to question Mr. Doan about all of his *crimen falsi* convictions and introduce into evidence before the jury the name, time and place of each of these convictions and the punishment received.   *Commonwealth v. Oglesby*, 274 Pa.Super. 586, 418 A.2d 561, 564 (1980); *Commonwealth v. Washington*, 269 A.3d 1255, 1265 (Pa.Super. 2022).  She would also have been able to question him about his use of eight different names and the reasons why one man had the need to identify himself to law enforcement authorities through the use of seven different aliases.

Second Benefit of Having Mr. Doan's Complete Criminal History Prior to Trial

Judge Byrd would have instructed the jury as follows:

You have heard evidence that one of the witnesses, Manh Doan, has been convicted of the following six crimes: Theft by Unlawful Taking or Disposition, Theft by Deception, Bank Fraud/Counterfeit Checks, Wire Fraud, False Statements to HUD and Identity Fraud.

The only purpose for which you may consider this evidence of prior convictions is in deciding whether or not to believe all or part of Mr. Doan's testimony.  In doing so, you may consider the types of crimes committed, how long

-14-

> ago they were committed and how they may affect the
> likelihood that Mr. Doan has testified truthfully in this case.

Pa. SSJI (Crim) 4.08D. A jury is presumed to follow the instructions given by the trial court.

*Blueford v. Arkansas*, 566 U.S. 599, 606, 132 S.Ct. 2044, 182 L.Ed.2d 937 (2012). This

instruction was not given. (N.T., 9/23/08, 152-192)

Ms. Wilson did not question Mr. Doan about his criminal history during her direct

examination. Because the DA's Office suppressed this history, Defense Counsel was unable to

and, in fact, did not ask him a single question about it during her cross-examination. (N.T.,

9/18/08, 60-108) As a result, the jury was precluded from taking into consideration in assessing

his credibility as the principal prosecution witness his extraordinarily extensive and outrageously

serious history of *crimen falsi* convictions across two jurisdictions (state and federal) and across

two states (Pennsylvania and New Jersey). In addition, the jury did not receive the 4.08D

instruction. Defense Counsel's use of this suppressed evidence would have made the difference

between conviction and acquittal.

There is a reasonable probability that, had the Commonwealth disclosed Mr.

Doan's complete criminal history to Mr. Grant prior to trial, the result of the trial would have

been different. He has shown that the Commonwealth's suppression of this evidence

undermined the confidence in the outcome of the trial. Because he did not receive a fair trial, he

should receive a new trial.

<u>The Evidence Against Mr. Grant Was Not Overwhelming</u>.

As noted in Paragraphs 13 and 14 of the Motion to Appoint Counsel, Respondents

concede that the evidence against Mr. Grant was <u>not</u> overwhelming as follows:

-15-

1.)   The jurors deliberated over three days.  They asked 12 questions, including 6 related to Mr. Doan's testimony.  They also asked that Judge Byrd to redefine reasonable doubt.  They twice told him that they were deadlocked on all counts.  On the second occasion, he gave them a *Spencer* charge urging them to "consult with each other and to deliberate with a view towards reaching a unanimous agreement" and "to reexamine his or her own views and to change his opinion if convinced that it is erroneous."  Respondents cite *Johnson v. Superintendent Fayette SCI*, 949 F.3d 791, 805 (3d Cir.2020) for the proposition that the length of jury deliberations may be one consideration in assessing the strength of the prosecution's case.  They end Paragraph 13 by indicating that they now recognize that this record bears directly on whether the evidence of guilt was sufficiently strong to foreclose materiality.

2.)   There were only two identifications of Mr. Grant:  one by Mr. Doan and the other by Police Officer John Zirilli.

3.)   There was no physical evidence linking Mr. Grant to the crime.

4.)   Mr. Doan initially described the person alleged to be Mr. Grant as both "heavyset" but also 130 pounds (when Mr. Grant was over 300 pounds).

5.)   Officer Zirilli, who did not know Mr. Grant prior to this incident, only identified him two years after the incident for the first time.

6.)   Respondents end Paragraph 14 by stating that they "must now acknowledge that there was not overwhelming evidence of guilt here."

(Doc. 39)

The fact that the evidence introduced by the Commonwealth against Mr. Grant at the jury trial was not overwhelming greatly increases the magnitude of the impact of its suppression of Mr. Doan's criminal history on Mr. Grant's receipt of an unfair trial.  Defense Counsel's inability to ask Mr. Doan even one question about his criminal history and his use of eight different names must now be seen in a much harsher light and as a much clearer violation of *Brady*.

> B.   Mr. Doan's Bias in Favor of the Commonwealth and Hostility
>       Toward Mr. Grant

Mr. Grant's second *Brady* claim involves the issue of whether Mr. Doan was

-16-

biased in favor of the Commonwealth and hostile toward him when he testified against Mr. Grant. In Paragraph 15 of the Motion to Appoint Counsel, Respondents indicated that Mr. Grant has repeatedly requested discovery to determine whether Mr. Doan had cooperated with the Commonwealth and, therefore, may have been biased. (Doc 39)

Evidence of partiality is a well-recognized form of impeachment. The rationale is that a witness who has an interest in the result of the litigation, who is biased in favor of a party or the party's cause or who is hostile to a party or the party's cause may not give fully accurate testimony. One example of partiality is the receipt of a guilty plea bargain.

As a general rule, any witness may be impeached by showing his bias or hostility or by proving facts which would make such feelings probable. *Hatfield v. Continental Imports, Inc.*, 530 Pa. 551 558, 610 A.2d 446449-450 (1992). A defendant's right of confrontation includes the right to cross-examine witnesses about possible motives to testify. *Commonwealth v. Dawson*, 486 Pa. 321, 323, 405 A.2d 1230, 1231 (1979). It includes the right to cross-examine a witness to show a motive for false testimony. *Commonwealth v. Cheatam*, 429 Pa. 198, 239 A.2d 293 (1968). The credibility of a witness may be impeached by evidence which tends to show that the witness has an interest in the outcome of the trial, that his testimony may be untruthful or that he may possess a bias which colors his testimony. *Commonwealth v. Butler*, 529 Pa. 7, 14, 601 A.2d 268, 271 (1991).

Since partiality or bias is always significant is assessing a witness' credibility, the trier of fact must be sufficiently informed of the underlying relationships, circumstances and influences related to the connection between him and the party. As a result, courts are liberal in accepting testimony relevant to bias. In *United States v. Abel*, 469 U.S. 45, 52, 105 S.Ct. 465,

-17-

469, 83 L.Ed.2d 450 (1984), the Supreme Court stated:

> Proof of bias is almost always relevant because the jury,
> as finder of fact and weigher of credibility, has historically been
> entitled to assess all evidence which might bear on the accuracy
> and truth of a witness's testimony.

In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the Supreme Court held

that a defendant's constitution right to confrontation was denied by the trial court's refusal to

allow a defendant charged with burglary to cross-examine a witness about his having been

adjudged delinquent for burglary, about his being on probation when he testified and about being

a possible suspect in the same burglary for which the defendant was being tried.

The relevant chronology is as follows:

1.)   August 18, 2006 - Mr. Doan was indicted in Criminal
Action No. 2006-357-1

2.)   September 12, 2006 – he entered guilty pleas to Conspiracy, Wire
Fraud, False Statements to HUD and Identity Fraud in Criminal Action No. 2006-357-1

3.)   September 18, 2008 – he testified against Mr. Grant at the trial in the
instant case

4.)   June 18, 2009 – he was sentenced in Criminal Action No.
2006-357-1

Mr. Doan's credibility was crucial.  He was on supervised release in Criminal

Action No. 2000-181-1 and he had an open case in Criminal Action No. 2006-357-1 when he

testified against Mr. Grant on September 18, 2008.  Was he also cooperating with the federal

government and/or the Commonwealth on this date?  If so, did he receive any preferential

treatment in return for his cooperation?  If so, what specific benefit(s) did he receive?  Defense

Counsel should have had the opportunity to explore these topics with Mr. Doan during cross-

examination.  She should have had the opportunity to engage in effective questioning of him

-18-

about any motive to lie and about any bias and partiality in pursuit of a reduced sentence in

Criminal Action No. 2006-357-1.  Had the DA's Office turned over all relevant information to

her prior to trial, she would have done accomplished these things.

          According to a philly.com article dated June 4, 2009 and a Philadelphia Inquirer

posting dated June 17, 2009, Mr. Doan was cooperating with the federal authorities in Criminal

Action No. .2006-357-1 on May 29, 2009 when he was arrested and charged in another federal

case in a murder-for-hire scheme in which he hired a hit man to kill a lawyer and two other

individuals.  See the true and correct copies of this article and this posting which are attached

hereto and incorporated by reference herein collectively as Exhibit "F".  This case is Mr.Doan's

third federal prosecution as follows:

          6.)    United States v. Mahn Huu Doan (#53446-066) – United States
District Court for the Eastern District of Pennsylvania; Criminal Action No. 09-361-1

                 A.)    May 27, 2009 – the Indictment was filed (Doc. 1)

                 B.)    November 23, 2010 – he pleaded guilty to Conspiracy to
Commit Murder for Hire (Doc. 101)

                 C.)    December 15, 2011 – the docket indicates that a "Sealed
Judgment" was filed by the Honorable Timothy J. Savage (Doc. 149) – no other sentencing
information appears on the docket

See the true and correct Criminal Docket which is attached hereto and incorporated by reference

herein as Exhibit "G".

          In light of the fact that Mr. Doan was cooperating with the United States

Attorney's Office in this second federal case when he was arrested in his third federal case, it is

more likely than not that he was also cooperating with this office in his second federal case when

he testified as a witness for the DA's Office against Mr. Grant on September 18, 2008.  The

philly.com article dated June 4, 2009 states that "He pleaded guilty in a multimillion-dollar mortgage fraud three years ago and has cooperated with federal authorities ever since." See Exhibit "F". This means that he was cooperating in June 2006, well before his testimony in Mr. Grant's trial in September 2008.

The Commonwealth violated *Brady* by failing to provide Defense Counsel with the information by which to explore Mr. Doan's cooperation with the federal government on cross-examination during Mr. Grant's trial. This cooperation information was favorable to Mr. Grant because it is impeaching. It was suppressed by the Commonwealth. There is a reasonable probability that, had it been disclosed to the defense, the result of the trial would have been different. He should receive a new trial.

### 4. Other Claims

Mr. Grant incorporates by reference herein all other claims and supporting arguments made previously by him in the instant case.

### 5. Conclusion

The Court should grant Mr. Grant's Habeas Petition and order the Commonwealth of Pennsylvania either to retry him within 90 days or dismiss all charges against him and release him from custody.

/s/ **Thomas A. Dreyer**
Thomas A. Dreyer, Esquire
30 Running Brook Road
Glen Mills, PA  19342
610-742-7883
Attorney for Petitioner Michael
Grant

Dated:  February 25, 2023

-20-

## CERTIFICATE OF SERVICE

Thomas A. Dreyer, Esquire hereby certifies that he served a true and correct copy

of the foregoing Petitioner Michael Grant's Memorandum of Law in Support of His Motion to

Alter or Amend the Judgment upon the person listed below on the date listed below by way of

the Electronic Court Filing ("ECF") System:

> Katherine Ernst, Esquire
> Assistant District Attorney
> Federal Litigation Unit
> District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107

> /s/ **Thomas A. Dreyer**
> Thomas A. Dreyer, squire
> 30 Running Brook Road
> Glen Mills, PA 19342
> 610-742-7883
> Attorney for Petitioner Michael
> Grant

Dated:   February 25, 2023

EXHIBIT "A"



# First Judicial District of Pennsylvania
## Secure Court Summary

| | | |
|---|---|---|
| Doan, Bruce<br>6834 REGENT ST<br>PHILA., PA  19100 | DOB: 10/04/1968<br>SID: 280-58-40-3<br>PID: 0880005<br>License: | Sex: Male<br>Eyes: Unknown<br>Hair: Unknown or Completely Bald<br>Race: Unknown/Unreported |

**Closed**

**Philadelphia**

**CP-51-CR-1007872-1999**   Proc Status: Completed          DC No: 9909022382          OTN:M9490832
  Arrest Dt: 08/10/1999    Disp Date: 07/19/2001   Disp Judge: Hughes, Renee Cardwell
  Def Atty: Brennan, William J. - (PR)

| Seq No | Statute | | Grade | Description | | Disposition |
|---|---|---|---|---|---|---|
| | Sentence Dt. | Sentence Type | | Program Period | Sentence Length | |
| 1 | 18 § 3921 | | | THEFT BY UNLAWFUL TAKING OR DISPOSITION | | Guilty Plea |
| | 07/19/2001 | No Further Penalty | | | | |
| 2 | 18 § 3922 | | | THEFT BY DECEPTION | | Guilty Plea |
| | 07/19/2001 | No Further Penalty | | | | |
| 3 | 18 § 3925 | | | THEFT BY RECEIVING STOLEN PROPERTY | | Nolle Prossed |
| 4 | 18 § 4911 | | | TAMPERING WITH PUBLIC RECORDS/INFORMATION | | Nolle Prossed |
| 5 | 18 § 4105 | | | BAD CHECKS | | Nolle Prossed |
| 6 | 18 § 4114 | | | SECURING EXEC DOCUMENTS BY DECEPTION | | Nolle Prossed |
| 7 | 18 § 903 | | | CRIMINAL CONSPIRACY | | Guilty Plea |
| | 07/19/2001 | No Further Penalty | | | | |

**MC-51-CR-0546041-1999**   Proc Status: Completed          DC No: 9909022382          OTN:M9490832
  Arrest Dt: 08/10/1999    Disp Date: 10/13/1999   Disp Judge: Brady, Frank T.
  Def Atty: Nix, Michael ... - (PR)

| Seq No | Statute | Grade | Description | Disposition |
|---|---|---|---|---|
| 1 | 18 § 4105 | | BAD CHECKS | Held for Court |
| 2 | 18 § 3925 | | THEFT BY RECEIVING STOLEN PROPERTY | Held for Court |
| 3 | 18 § 3921 | | THEFT BY UNLAWFUL TAKING OR DISPOSITION | Held for Court |
| 4 | 18 § 3922 | | THEFT BY DECEPTION | Held for Court |
| 5 | 18 § 4911 | | TAMPERING WITH PUBLIC RECORDS/INFORMATION | Held for Court |
| 6 | 18 § 4114 | | SECURING EXEC DOCUMENTS BY DECEPTION | Held for Court |

M. Grant it 2023

Fed it 2023

---

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Court Summary Report information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Common Pleas Criminal Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date disposition information is for the offense.

M.GrantDAOFiles199

EXHIBIT "B"

9/19/2016                    United States District Court Eastern District of Pennsylvania

FILED
09/29/2016 09:34:24 AM
CLOSED
By: T. COS

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CRIMINAL DOCKET FOR CASE #: 2:00-cr-00181-ER-1

Case title: USA v. DOAN
Magistrate judge case number: 2:99-mj-00880

Date Filed: 04/11/2000
Date Terminated: 10/07/2002

Assigned to: HONORABLE EDUARDO C.
ROBRENO

Appeals court case number: 03-1407

### Defendant (1)

**BRUCE DOAN**
*TERMINATED: 10/09/2002*
*also known as*
MAHN HUU DOAN

represented by **BRUCE DOAN**
53446-066
DEVENS
FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 879
AYER, MA 01432
PRO SE

**ANTHONY FIORE**
2526 SOUTH BROAD STREET
1ST FLOOR FRONT
PHILA, PA 19145
*TERMINATED: 10/09/2002*
*LEAD ATTORNEY*
*Designation: Retained*

**PETER GOLDBERGER**
LAW OFFICES OF PETER
GOLDBERGER
50 RITTENHOUSE PLACE
ARDMORE, PA 19003
TEL 610-649-8200
Fax: FAX 610-649-8362
*TERMINATED: 12/10/2004*
*LEAD ATTORNEY*
*Designation: Retained*

**WILLIAM BRENNAN**
LAW OFFICES OF WILLIAM J.
BRENNAN
1600 LOCUST ST
PHILADELPHIA, PA 19103
215-568-1400
Email: brennan_law@hotmail.com
*TERMINATED: 10/09/2002*

M.GrantDAOFiles192

9/19/2016      United States District Court Eastern District of Pennsylvania

*LEAD ATTORNEY*
*Designation: Retained*

**Pending Counts**

18:1344 BANK FRAUD/COUNTERFEIT
CHECKS; 18:2 AIDING AND
ABETTING.
(1-2)

**Disposition**

12 MONTHS AND 1 DAY
IMPRISONMENT, 5 YEARS
SUPERVISED RELEASE, $200.00
ASSESSMENT, $137,359.81
RESTITUTION.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
None

**Disposition**

**Plaintiff**
USA

represented by  **ERIC B. HENSON**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILA, PA 19106-4476
215-861-8312
Fax: 215-861-8618
Email: eric.henson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/1999 | 1 | Complaint as to BRUCE DOAN, Affidavit of Derek Shievaski, FBI Special Agent. [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/14/1999 | | ARREST Warrant issued as to BRUCE DOAN. [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/14/1999 | 2 | MOTION AND ORDER DATED 10/14/99, AS TO BRUCE DOAN THAT THE COMPLAINT AND WARRANT AND ACCOMPANYING DOCKET PAPERS ARE IMPOUNDED UNTIL EXECUTION OF THE WARRANT. ( SIGNED BY MAGISTRATE JUDGE M. F. ANGELL ), 10/18/99 ENTERED. [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/15/1999 | 3 | MOTION AND ORDER DATED 10/15/99, AS TO BRUCE DOAN THAT THE COMPLAINT AND WARRANT AND AFFIDAVIT ARE UNIMPOUNDED. ( SIGNED |

M.GrantDAOFiles193

9/19/2016                                    United States District Court Eastern District of Pennsylvania

| | | |
|---|---|---|
| | | BY MAGISTRATE JUDGE CHARLES B. SMITH ), 10/18/99 ENTERED. [ 2:99-m -880 ] ( ar) (Entered: 10/18/1999) |
| 10/15/1999 | | Initial appearance as to BRUCE DOAN HELD (Defendant informed of rights.) [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/15/1999 | 4 | Minute entry as to BRUCE DOAN dated 10/15/99: Initial appearance; defendant arrested on 10/15/99: Bail is set at $10,000 O/R with conditions. Case continued to October 25, 1999, at 1:30 P.M. before Judge Melinson. [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/15/1999 | 5 | Notice of Appearance for BRUCE DOAN by Attorney ANTHONY FIORE . [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/15/1999 | 6 | ORDER DATED 10/15/99, AS TO BRUCE DOAN THAT BAIL IS SET IN THE AMOUNT OF $10,000 O/R WITH CONDITIONS, ETC. ( SIGNED BY MAGISTRATE JUDGE CHARLES B. SMITH ), 10/18/99 ENTERED AND COPIES MAILED AND FAXED. [ 2:99-m -880 ] (ar) (Entered: 10/18/1999) |
| 10/26/1999 | 7 | Notice of Appearance for BRUCE DOAN by Attorney WILLIAM J. BRENNAN . [ 2:99-m -880 ] (ar) (Entered: 10/26/1999) |
| 10/26/1999 | 8 | ORDER DATED 10/25/99, AS TO BRUCE DOAN THAT COURT FINDS PROBABLE CAUSE FOR THE DEFENDANT TO BE HELD FOR FURTHER ACTION OF THE U.S. DISTRICT COURT. ( SIGNED BY MAGISTRATE JUDGE JAMES R. MELINSON ), 10/26/99 ENTERED AND COPIES MAILED AND FAXED. [ 2:99-m -880 ] (ar) (Entered: 10/26/1999) |
| 11/09/1999 | 9 | UNCONTESTED MOTION BY USA AS TO BRUCE DOAN FOR A CONTINUANCE OF TIME IN WHICH TO FILE AN INDICTMENT OR INFORMATION , CERTIFICATE OF SERVICE. [ 2:99-m -880 ] (ar) (Entered: 11/09/1999) |
| 11/10/1999 | 10 | ORDER DATED 11/09/99, AS TO BRUCE DOAN THAT THE TIME IN WHICH INA INDICTMENT OR INFORMATION MUST BE FILED IS CONTINUED FOR A PERIOD OF SIXTY ADDTIONAL DAYS, ETC. ( SIGNED BY MAGISTRATE JUDGE CHARLES B. SMITH ), 11/10/99 ENTERED AND COPIES MAILED AND FAXED. [ 2:99-m -880 ] (ar) (Entered: 11/10/1999) |
| 01/07/2000 | 11 | UNCONTESTED MOTION BY USA AS TO BRUCE DOAN FOR A CONTINUANCE OF TIME IN WHICH TO FILE AN INDICTMENT OR INFORMATION , CERTIFICATE OF SERVICE. [ 2:99-m -880 ] (ar) (Entered: 01/07/2000) |
| 01/10/2000 | 12 | ORDER DATED 01/10/00, AS TO BRUCE DOAN THAT THE TIME IN WHICH AN INDICTMENT OR INFORMATION MUST BE FILED IS CONTINUED FOR A PERIOD OF SIXTY ADDITIONAL DAYS, ETC. ( SIGNED BY MAGISTRATE JUDGE CHARLES B. SMITH ), 01/10/00 ENTERED AND COPIES MAILED AND FAXED. [ 2:99-m -880 ] (ar) (Entered: 01/10/2000) |
| 03/07/2000 | 13 | UNCONTESTED MOTION BY USA AS TO BRUCE DOAN FOR CONTINUANCE OF TIME IN WHICH TO FILE AN INDICTMENT OR INFORMATION , CERTIFICATE OF SERVICE. [ 2:99-m -880 ] (ar) (Entered: 03/08/2000) |
| 03/10/2000 | 14 | ORDER DATED 3/8/00 AS TO BRUCE DOAN THAT THE TIME IN WHICH AN INDICTMENT OR INFORMATION MUST BE FILED IS CONTINUED FOR A PERIOD OF 30 DAYS BEYOND THE LAST DATE THAT WOULD OTHERWISE BE REQUIRED UNDER THE SPEEDY TRIAL ACT. (SIGNED BY MAGISTRATE JUDGE THOMAS J. RUETER), 3/13/00 ENTERED AND COPIES MAILED AND FAXED. [ 2:99-m -880 ] (adr) (Entered: 03/13/2000) |
| 04/11/2000 | 15 | Indictment filed as to BRUCE DOAN counts 1 and 2. (mrs) (Entered: 04/11/2000) |

M.GrantDAOFiles194

9/19/2016                                          United States District Court Eastern District of Pennsylvania

| Date | No. | Entry |
|---|---|---|
| 05/04/2000 | 16 | Notice of Appearance for BRUCE DOAN by Attorney WILLIAM J. BRENNAN. (cmc) (Entered: 05/04/2000) |
| 05/04/2000 | | Arraignment as to BRUCE DOAN HELD count(s) 1-2 (cmc) (Entered: 05/05/2000) |
| 05/05/2000 | 17 | Plea entered 5/4/00 by BRUCE DOAN. Court accepts plea. NOT GUILTY: count(s) 1-2 , Deft has 10 days to file motions, trial set for 6/12/00. (Terminated motions - [13-1] MOTION FOR CONTINUANCE OF TIME IN WHICH TO FILE AN INDICTMENT OR INFORMATION) (TJR) (cmc) (Entered: 05/05/2000) |
| 06/08/2000 | 18 | Guilty Plea Memorandum by USA as to BRUCE DOAN, Cert. of Service. (cmc) (Entered: 06/08/2000) |
| 06/16/2000 | 19 | GUILTY Plea Agreement as to BRUCE DOAN . (cmc) (Entered: 06/16/2000) |
| 06/16/2000 | 20 | Change of Plea entered 6/15/00 by BRUCE DOAN. Court accepts plea. GUILTY: count(s) 1-2 , PSI report ordered, Sentencing set for 9/11/00 10:00 a.m., Deft remains on bond. (cmc) (Entered: 06/16/2000) |
| 09/28/2000 | 21 | Sentencing Memorandum by USA as to BRUCE DOAN, Cert. of Service. (cmc) (Entered: 09/28/2000) |
| 03/07/2001 | 22 | JOINT MOTION by BRUCE DOAN, USA FOR CONTINUANCE OF SENTENCING , CERT. OF SERVICE. (cmc) (Entered: 03/07/2001) |
| 03/09/2001 | 23 | ORDER OF 3/8/01 AS TO BRUCE DOAN GRANTING [22-1] joint MOTION FOR CONTINUANCE OF SENTENCING, (SIGNED BY JUDGE BRUCE W. KAUFFMAN) 3/9/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 03/09/2001) |
| 04/27/2001 | 24 | MOTION by BRUCE DOAN FOR CONTINUANCE OF SENTENCING , CERT. OF SERVICE. (cmc) (Entered: 04/27/2001) |
| 04/27/2001 | 25 | MOTION BY BRUCE DOAN FOR CONTINUANCE OF TRIAL , CERTIFICATE OF SERVICE. (dt) (Entered: 04/30/2001) |
| 05/02/2001 | 26 | ORDER OF 5/1/01 AS TO BRUCE DOAN GRANTING [24-1] MOTION FOR CONTINUANCE OF SENTENCING, SENTENCING RESCHEDULED TO 5/16/01 AT 4:15PM. (SIGNED BY JUDGE BRUCE W. KAUFFMAN), 5/2/01 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 05/02/2001) |
| 08/29/2001 | 27 | ORDER OF 8/29/01 AS TO BRUCE DOAN THAT [25-1] MOTION FOR CONTINUANCE OF TRIAL IS DENIED AS MOOT, DEFT HAVING PLED GUILTY. (SIGNED BY Judge BRUCE W. KAUFFMAN) 8/29/01 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 08/29/2001) |
| 08/29/2002 | 28 | MOTION by BRUCE DOAN FOR DOWNWARD DEPARTURE FROM SENTENCING GUIDELINES , CERT. OF SERVICE. (cmc) (Entered: 08/29/2002) |
| 10/04/2002 | 29 | Supplemental Sentencing Memorandum by USA as to BRUCE DOAN, Cert. of Service. (cmc) (Entered: 10/04/2002) |
| 10/07/2002 | 30 | Second Supplemental Sentencing Memorandum by USA as to BRUCE DOAN, Certificate of Service. (sah) (Entered: 10/08/2002) |
| 10/07/2002 | | Sentencing HELD BRUCE DOAN (1) count(s) 1-2 (dt) (Entered: 10/09/2002) |
| 10/09/2002 | 31 | Minute entry of 10/7/02 as to BRUCE DOAN: Re: Sentencing. As to Counts 1 & 2 the defendant is incarcerated for a term of 12 months and 1 day on each count to be served concurrently. Defendant is placed on supervised release for a term of 5 years with special conditions. Defendant is ordered to pay special assessment in the amount of $200.00 |

M.GrantDAOFiles195

9/19/2016

| | | |
|---|---|---|
| | | immediately. Defendant is ordered to pay restitution in the amount of $137,359.81. Defendant shall self surrender on 11/11/02 no later than 2:00pm as notified by probation. Michael Beck (dt) (Entered: 10/09/2002) |
| 10/09/2002 | 32 | JUDGMENT OF 10/7/02 AS TO BRUCE DOAN (1) count(s) 1-2. 12 MONTHS AND 1 DAY IMPRISONMENT, 5 YEARS SUPERVISED RELEASE, $200.00 ASSESSMENT, $137,359.81 RESTITUTION. (SIGNED BY JUDGE BRUCE W. KAUFFMAN), 10/9/02 ENTERED. (dt) (Entered: 10/09/2002) |
| 10/15/2002 | 33 | Sentencing Hearing Transcript filed in case as to BRUCE DOAN for dates of October 7, 2002 ESR . (sah) (Entered: 10/16/2002) |
| 10/17/2002 | 34 | ORDER OF 10/16/02 AS TO BRUCE DOAN THAT THE PREVIOUSLY SCHEDULED SURRENDER DATE OF 11/11/02 IS EXTENDED FOR A PERIOD OF 1 DAY. DEFT SHALL SURRENDER TO DESIGNATED INSTITUTION BY THE B.O.P. BEFORE 2:00 PM ON 11/12/02 AS NOTIFIED BY THE PROBATION OR PRETRIAL SERVICES OFFICES. (SIGNED BY Judge BRUCE W. KAUFFMAN) 10/18/02 ENTERED AND COPIES MAILED. (cmc) (Entered: 10/18/2002) |
| 01/23/2003 | 35 | MOTION BY BRUCE DOAN FOR STAY , FOR MODIFICATION , OR VACATION OF SENTENCE , CERTIFICATE OF SERVICE. (dt) (Entered: 01/23/2003) |
| 01/30/2003 | 36 | ORDER OF 1/29/03 AS TO BRUCE DOAN THAT UPON CONSIDERATION OF DEFENDANT'S MOTION FOR STAY (DOCKET NO. 35), IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED. ACCORDINGLY, THE U.S. BUREAU OF PRISONS SHALL NOT TRANSFER DEFENDANT BRUCE DOAN FROM THE KINTOCK COMMUNITY CORRECTIONS CENTER UNTIL THE GOVERNMENT HAS RESPONDED TO DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE AND THE COURT HAS RULED ON SAID MOTION. (SIGNED BY JUDGE BRUCE W. KAUFFMAN) 1/30/03 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 01/30/2003) |
| 01/30/2003 | 37 | Government's Response and Memorandum Opposing Defendant Bruce Doan's Motions for Stay and for Modification or Vacation of Sentence, Certificate of Service. (dt) (Entered: 01/30/2003) |
| 02/04/2003 | 38 | ORDER OF 2/4/03 AS TO BRUCE DOAN THAT UPON CONSIDERATION OF DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE (DOCKET NO. 35) AND THE GOVERNMENT'S RESPONSE THERETO (DOCKET NO. 37), IT IS HEREBY ORDERED THAT THE MOTION IS DENIED. ETC. (SIGNED BY JUDGE BRUCE W. KAUFFMAN), 2/4/03 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 02/04/2003) |
| 02/10/2003 | 39 | Notice of Appearance for BRUCE DOAN by Attorney PETER GOLDBERGER, Certificate of Service. (dt) (Entered: 02/11/2003) |
| 02/10/2003 | 40 | MOTION BY BRUCE DOAN TO ALTER OR AMEND [32-1] JUDGMENT ORDER , AND FOR EMERGENCY STAY PENDING CONSIDERATION OR APPEAL , CERTIFICATE OF SERVICE. (dt) (Entered: 02/11/2003) |
| 02/11/2003 | 41 | Response by USA as to BRUCE DOAN re: [40-1] MOTION TO ALTER OR AMEND [32-1] JUDGMENT ORDER, [40-2] MOTION EMERGENCY PENDING CONSIDERATION OR APPEAL, Certificate of Service. (dt) (Entered: 02/12/2003) |
| 02/12/2003 | 42 | ORDER OF 2/11/03 AS TO BRUCE DOAN THAT UPON CONSIDERATION OF DEFENDANT'S MOTION FOR EMERGENCY STAY AND RECONSIDERATION OF THIS COURT'S FEBRUARY 4, 2003 ORDER, IT IS ORDERED THAT: THE MOTION FOR EMERGENCY STAY (DOCKET NO. 40) IS DENIED. ETC. THE COURT WILL |

M.GrantDAOFiles196

9/19/2016                    United States District Court Eastern District of Pennsylvania

| | | |
|---|---|---|
| | | CONSIDER DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE (DOCKET NO. 35) AS A MOTION UNDER 28 U.S.C. 2255. THE COURT SHALL HOLD AN ORAL ARGUMENT ON 2/13/03 AT 11:00AM IN COUTROOM 3B. (SIGNED BY JUDGE BRUCE W. KAUFFMAN, 2/12/03 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 02/12/2003) |
| 02/12/2003 | 43 | Notice of Appeal by BRUCE DOAN. Filing Fee $ 105.00. Receipt # 815121 copies to Judge BRUCE W. KAUFFMAN , Clerk USCA, Appeals Clerk, and PETER GOLDBERGER, ERIC B. HENSON (dt) (Entered: 02/12/2003) |
| 02/12/2003 | 44 | Copy of Clerk's notice to USCA as to BRUCE DOAN re: [43-1] appeal . (dt) (Entered: 02/12/2003) |
| 02/12/2003 | | Notice of Docketing ROA from USCA as to BRUCE DOAN Re: [43-1] appeal USCA Number: 03-1407 (dt) (Entered: 02/12/2003) |
| 02/12/2003 | 45 | Certified Copy of Order Returned as to BRUCE DOAN that The Emergency Motion for Immediate Stay is Denied. (dt) (Entered: 02/12/2003) |
| 02/20/2003 | 46 | ORDER OF 2/19/03 AS TO BRUCE DOAN THAT THE ORAL ARGUMENT PREVIOUSLY SCHEDULED FOR FEBRUARY 13, 2003, SHALL BE HELD ON FEBRUARY 24, 2003 AT 11:30AM IN COUTROOM 3B. ETC. (SIGNED BY JUDGE BRUCE W. KAUFFMAN, 2/20/03 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 02/20/2003) |
| 02/21/2003 | 47 | ORDER OF 2/20/03 AS TO BRUCE DOAN THAT THE ORAL ARGUMENT SCHEDULED FOR FEBRUARY 24, 2003, SHALL BE HELD ON FEBRUARY 25, 2003 AT 11:30AM IN COUTROOM 3B. (SIGNED BY JUDGE BRUCE W. KAUFFMAN ), 2/21/03 ENTERED AND COPIES FAXED. (dt) (Entered: 02/21/2003) |
| 02/26/2003 | 48 | Transcript filed in case as to BRUCE DOAN for dates of 2/25/03. Re: Hearing Before Judge Kauffman . (dt) (Entered: 02/27/2003) |
| 03/12/2003 | 49 | MEMORANDUM AND ORDER OF 3/11/03 AS TO BRUCE DOAN THAT UPON CONSIDERATION OF DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE (DOCKET NO. 35), AND THE GOVERNMENT'S RESPONSE (DOCKET NO. 37), THE DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT ORDER (DOCKET NO. 40) AND THE GOVERNMENT'S RESPONSE (DOCKET NO. 41), AND AFTER ORAL ARGUMENT ON THE MERITS OF DEFENDANT'S CLAIMS PURSUANT TO 28 U.S.C. 2255, IT IS ORDERED THAT: DEFENDANT'S MOTION FOR MODIFICATION OR VACATION OF SENTENCE IS DENIED FOR THE REASONS STATED ON THE RECORD AT THE FEBRUARY 25, 2003 HEARING AND FURTHER EXPLAINED IN THE ACCOMPANYING MEMORANDUM. A CERTIFICATE OF APPEALABILITY IS ISSUED. (SIGNED BY JUDGE BRUCE W. KAUFFMAN), 3/12/03 ENTERED AND COPIES FAXED. (dt) (Entered: 03/12/2003) |
| 03/14/2003 | 50 | Copy of TPO form in appeal as to BRUCE DOAN [43-1] appeal (dt) (Entered: 03/17/2003) |
| 05/13/2003 | 51 | JUDGMENT OF USCA (certified copy) as to BRUCE DOAN Re: [43-1] appeal DISMISSING APPEAL PURSUANT TO RULE 42(b) (dt) (Entered: 05/14/2003) |
| 10/07/2003 | 52 | REQUEST AND ORDER FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER OF 10/2/03 AS TO BRUCE DOAN THAT DEFENDANT SHALL COMPLY WITH THE CONDITIONS OF HOME CONFINEMENT FOR A PERIOD NOT TO EXCEED SIX MONTHS. DURING THIS TIME, YOU WILL REMAIN AT YOUR PLACE OF RESIDENCE EXCEPT FOR |

M.GrantDAOFiles197

9/19/2016

United States District Court Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
|  |  | EMPLOYMENT AND OTHER ACTIVITIES APPROVED IN ADVANCE BY PROBATION OFFICER. ETC. SIGNED BY JUDGE BRUCE W. KAUFFMAN. 10/7/03 ENTERED. (DT) (Entered: 10/07/2003) |
| 04/15/2004 | 53 | REQUEST AND ORDER FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH THE CONSENT OF THE OFFENDER AS TO BRUCE DOAN OF 4/12/04 THAT THE DEFENDANT SHALL COMPLY WITH THE CONDITIONS OF HOME CONFINEMENT FOR A PERIOD NOT TO EXCEED AN ADDITIONAL SIX MONTHS. DURING THIS TIME, DEFENDANT WILL REMAIN AT PLACE OF RESIDENCE EXCEPT FOR EMPLOYMENT AND OTHER ACTIVITIES APPROVED IN ADVANCE BY PROBATION. ETC. SIGNED BY JUDGE BRUCE W. KAUFFMAN. 4/15/04 ENTERED. (DT) (Entered: 04/15/2004) |
| 10/01/2008 | 54 | REPORT AND ORDER OF PROBATION OFFICER 9/22/08 AS TO BRUCE DOAN THAT THE SUPERVISED RELEASE TERM BE PERMITTED TO TERMINATE ON 9/23/08, WITH AN OUTSTANDING RESTITUTION BALANCE OF $120,734.84. SIGNED BY JUDGE BRUCE W. KAUFFMAN. 10/1/08 ENTERED AND COPIES E-MAILED. (DT) (Entered: 10/01/2008) |
| 02/18/2014 | 55 | PRO SE Letter as to BRUCE DOAN RE: Restitution Payments. (ap, ) (Entered: 02/19/2014) |
| 02/20/2014 | 56 | ORDER REASSIGNING CASE TO JUDGE HONORABLE EDUARDO C. ROBRENO as to BRUCE DOAN FOR ALL FURTHER PROCEEDINGS.. Signed by CHIEF JUDGE PETRESE B. TUCKER on 2/19/2014.2/20/2014 Entered and Copies Mailed to pro se, E-Mailed. (ap, ) (Entered: 02/20/2014) |
| 07/26/2016 | 57 | (PRO SE) Letter as to BRUCE DOAN RE: WITHDRAW OF REQUEST OF DEFERMENT IN FUNDS AND RESTITUTIONS. (kp, ) (Entered: 07/26/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/19/2016 15:36:58 | | |
| PACER Login: | ijmm1157:2666648:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:00-cr-00181-ER |
| Billable Pages: | 5 | Cost: | 0.50 |

M.GrantDAOFiles198

EXHIBIT "C"

9/19/2018        United States District Court Eastern District of Pennsylvania

CLOSED

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CRIMINAL DOCKET FOR CASE #: 2:06-cr-00357-MMB-1

Case title: USA v. DOAN et al

Date Filed: 07/18/2006
Date Terminated: 06/18/2009

Assigned to: HONORABLE MICHAEL M. BAYLSON

Appeals court case number: '09-2859'

**Defendant (1)**

**MAHN HUU DOAN**
*TERMINATED: 06/18/2009*
*also known as*
**BRUCE DOAN**
*TERMINATED: 06/18/2009*

represented by **MAHN HUU DOAN**
53446-066
FMC DEVENS
P.O. BOX 879
AYER, MA 01432
PRO SE

**BRETT GARRETT SWEITZER**
FEDERAL DEFENDERS
SUITE 540 WEST
CURTIS CENTER
INDEPENDENCE SQUARE WEST
PHILADELPHIA, PA 19106
Email: brett_sweitzer@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**FELICIA SARNER**
DEFENDER ASSOCIATION OF
PHILADELPHIA
SUITE 540 W, THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106
215-928-1100
Fax: 215-928-1112
Email: felicia_sarner@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**WILLIAM BRENNAN**
LAW OFFICES OF WILLIAM J.
BRENNAN
1600 LOCUST ST
PHILADELPHIA, PA 19103

M. Grant 2023
Fed Lit 2023
M.GrantDAOFiles266

8/19/2016

United States District Court Eastern District of Pennsylvania

215-568-1400
Email: brennan_law@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**CARMEN C. NASUTI**
150 S. INDEPENDENCE MALL WEST
SUITE 1064
PHILADELPHIA, PA 19106
215-829-1101
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:371 CONSPIRACY
(1)

18:1343 WIRE FRAUD; 18:2 AIDING
AND ABETTING
(2)

18:1010 FALSE STATEMENTS TO HUD;
18:2 AIDING AND ABETTING
(10)

18:1028(a)(7),(b)(1)(D),(c)(3)(A)
IDENTITY FRAUD; 18:2 AIDING AND
ABETTING
(15)

**Disposition**

IMPRISONMENT 60 MONTHS,
SUPERVISED RELEASE 3 YEARS,
SPECIAL ASSESSMENT $400.00, FINE
$5,000.00, RESTITUTION $5,565,672.75

IMPRISONMENT 151 MONTHS,
SUPERVISED RELEASE 3 YEARS,
SPECIAL ASSESSMENT $400.00, FINE
$5,000.00, RESTITUTION $5,565,672.75

IMPRISONMENT 24 MONTHS,
SUPERVISED RELEASE 1 YEAR,
SPECIAL ASSESSMENT $400.00, FINE
$5,000.00, RESTITUTION $5,565,672.75

IMPRISONMENT 151 MONTHS,
SUPERVISED RELEASE 3 YEARS,
SPECIAL ASSESSMENT $400.00, FINE
$5,000.00, RESTITUTION $5,565,672.75

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
None

**Disposition**

**Plaintiff**
USA

represented by **SARAH L. GRIEB**
UNITED STATES ATTORNEY'S OFFICE

M.GrantDAOFiles267

9/19/2016

United States District Court Eastern District of Pennsylvania

615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106-4476
215-861-8261
Fax: 215-861-8233
Email: sarah.grieb@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL S. BLUME**
UNITED STATES ATTY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106-4476
215-861-8376
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2006 | 1 | SEALED INDICTMENT as to MAHN HUU DOAN (1) count(s) 1, 2-9, 10-14, 15-18, VINCENT SIROLLI (2) count(s) 1, 2-9, 10-14, 15-18, CIRIACO GATTA (3) count(s) 1, 2-9, 10-14, ANTHONY GIAMPIETRO (4) count(s) 1, 2-9, 10-14, 15-18, MARY D'ANTONIO (5) count(s) 10-14, DANA SICILIANO (6) count(s) 1, 2-9, 10-14, 15-18, JUNE KODIAK (7) count(s) 1, 2-9, 10-14, 15-18, KEITH LYON (8) count(s) 1, 2-9, 10-14, 15-18, TRUNG TAM DANG (9) count(s) 1, 2-9, 10-14, 15-18, ZU-YUN KIM (10) count(s) 1, 2-9, 10-14, 15-18. (tjsl, ) Additional attachment(s) added on 7/26/2006 (ke, ). (Entered: 07/19/2006) |
| 07/18/2006 | 2 | MOTION AND ORDER TO SEAL INDICTMENT AS TO MAHN HUU DOAN, VINCENT SIROLLI, CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM. . Signed by Judge L. FELIPE RESTREPO on 7/18/06.7/19/06 Entered. (tjsl, ) (Entered: 07/19/2006) |
| 07/26/2006 | 5 | Letter from AUSA Unsealing Indictment as to MAHN HUU DOAN, VINCENT SIROLLI, CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM. (kesl) (Entered: 07/26/2006) |
| 07/26/2006 | | INDICTMENT UNSEALED AS TO MAHN HUU DOAN, VINCENT SIROLLI, CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM. (kesl) (Entered: 07/26/2006) |
| 07/31/2006 | 18 | NOTICE OF ATTORNEY APPEARANCE MICHAEL S. BLUME appearing for USA. (BLUME, MICHAEL) (Entered: 07/31/2006) |
| 08/03/2006 | | Minute Entry for proceedings held before Judge M. FAITH ANGELL Arraignment as to MAHN HUU DOAN (1) Counts 1-18 held on 8/1/06. Plea entered by MAHN HUU DOAN Not Guilty on counts 1-18. $50,000.00 O/R bail is set with conditions, etc.Court Reporter ESR.(ke) (Entered: 08/04/2006) |
| 08/03/2006 | | O/R Bond Entered as to MAHN HUU DOAN in amount of $50,000.00. (ke) (Entered: 08/04/2006) |
| 08/03/2006 | 24 | ORDER SETTING CONDITIONS OF RELEASE AS TO MAHN HUU DOAN (1) |

M.GrantDAOFiles268

|  |  | THAT DEFT. IS RELEASED ON BAIL IN THE AMOUNT OF $50,000.00 O/R, ETC . Signed by Judge M. FAITH ANGELL on 8/1/06.8/4/06 Entered. (ke) (Entered: 03/04/2006) |
|---|---|---|
| 08/08/2006 | 39 | NOTICE OF HEARING as to MAHN HUU DOAN - Change of Plea Hearing set for 9/13/2006 at 10:00 AM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 08/08/2006) |
| 08/08/2006 |  | Set/Reset Hearings as to MAHN HUU DOAN: Change of Plea Hearing set for 9/12/2006 at 10:00 AM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (rad) (Entered: 08/11/2006) |
| 08/30/2006 | 62 | Plea Memorandum by USA *[GOVERNMENT'S CHANGE OF PLEA MEMORANDUM AND CERTIFICATE OF SERVICE]* as to MAHN HUU DOAN (Attachments: # 1) (GRIEB, SARAH) (Entered: 08/30/2006) |
| 09/15/2006 | 68 | Minute Entry for proceedings held before Judge MICHAEL M. BAYLSON Change of Plea Hearing as to MAHN HUU DOAN held on 9/12/06. Plea entered as to MAHN HUU DOAN (1) Guilty Counts 1-10, 15. Court ordered Presentence Report. Court orders Deft's. bail status remain the same. Sentencing date to be detrmined. Court Reporter ESR. (ke) (Entered: 09/15/2006) |
| 09/15/2006 | 69 | Guilty Plea Agreement as to MAHN HUU DOAN. (ke) (Entered: 09/15/2006) |
| 09/19/2006 | 77 | NOTICE OF ATTORNEY APPEARANCE CARMEN C. NASUTI appearing for MAHN HUU DOAN *and William J. Brennan, Esquire* (NASUTI, CARMEN) (Entered: 09/19/2006) |
| 10/06/2006 | 95 | NOTICE OF HEARING as to MAHN HUU DOAN - Sentencing set for 12/28/2006 10:15 AM before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 10/06/2006) |
| 12/18/2006 | 122 | NOTICE OF HEARING as to MAHN HUU DOAN - Sentencing set for 12/28/2006 has been postponed until 5/3/2007 at 4:30 PM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 12/18/2006) |
| 04/24/2007 | 141 | NOTICE OF HEARING as to MAHN HUU DOAN - Sentencing set for 5/3/2007 has been postponed until 8/9/2007 at 4:30 PM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 04/24/2007) |
| 08/17/2007 | 167 | NOTICE OF HEARING as to MAHN HUU DOAN Sentencing set for 8/9/2007 has been postponed until 12/11/2007 at 4:30 PM before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 08/17/2007) |
| 11/29/2007 | 172 | NOTICE OF HEARING as to MAHN HUU DOAN Sentencing set for 12/11/2007 has been postponed until 6/23/2008 04:30 PM before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 11/29/2007) |
| 06/18/2008 | 192 | NOTICE OF HEARING as to MAHN HUU DOAN - Sentencing set for 6/23/2008 has been postponed until 10/14/2008 04:30 PM before HONORABLE MICHAEL M. BAYLSON. (lk, ) (Entered: 06/18/2008) |
| 09/23/2008 | 205 | SENTENCING DOCUMENT CERTIFICATE OF SERVICE as to MAHN HUU DOAN, VINCENT SIROLLI, CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM (GRIEB, SARAH) (Entered: 09/23/2008) |
| 09/23/2008 | 206 | EXHIBITS A AND B PERTAINING TO THE SENTENCING DOCUMENT FILED ON 9/23/08 FILED BY USA AS TO MAHN HUU DOAN, VINCENT SIROLLI, |

M.GrantDAOFiles269

9/19/2016                                    United States District Court Eastern District of Pennsylvania

|            |     | CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM. (ke) (Entered: 09/23/2008) |
|------------|-----|---|
| 09/29/2008 | 208 | MOTION to Continue Sentence by MAHN HUU DOAN, CERT.OF SERVICE, (Proposed Order). (NASUTI, CARMEN) Modified on 9/30/2008 (cmc). (Entered: 09/29/2008) |
| 10/06/2008 | 212 | Amended SENTENCING DOCUMENT CERTIFICATE OF SERVICE as to MAHN HUU DOAN, VINCENT SIROLLI, CIRIACO GATTA, ANTHONY GIAMPIETRO, MARY DIANTONIO, DANA SICILIANO, JUNE KODIAK, KEITH LYON, TRUNG TAM DANG, ZU-YUN KIM (Attachments: # 1 Exhibit)(GRIEB, SARAH) (Entered: 10/06/2008) |
| 01/30/2009 | 271 | ORDER AS TO MAHN HUU DOAN, VINCENT SIROLLI, DANA SICILIANO, JUNE KODIAK, KEITH LYON THAT THE COURT INTENDS TO MAKE A RULING ON THE AMOUNT OF LOSS FOR DEFTS. SICILIANO AND KODIAK BASED ON THE RECORD AS IT STANDS AS OF THE DATE OF THEIR HEARINGS ON 2/10/09. AS TO DEFTS. DOAN, SIROLLI AND LYON, IF THEY INTEND TO CONTEST THE GOVT'S ASSERTED CALCULATION OF LOSS, THEY SHOULD FILE A NOTICE TO THIS AFFECT AT LEAST 14 DAYS PRIOR TO THEIR SENTENCING HEARING, INDICATING AN OFFER OF PROOF AS TO WHAT TESTIMONY THEY PROPOSE, AND WHETHER THEY WILL ACCEPT THE GOVT'S. OFFER OF PROOF AS PRESENTED AT THE HEARING FOR DEFT SICILIANO ON 1/21/09, ETC. Signed by HONORABLE MICHAEL M. BAYLSON on 1/30/09.1/30/09 Entered and Copies Mailed, E-Mailed. (ke) (Entered: 01/30/2009) |
| 02/10/2009 | 275 | NOTICE *Withdrawal of Appearance of F. Emmett Fitzpatrick, III on behalf of* by VINCENT SIROLLI . (FITZPATRICK, F.) Modified on 2/11/2009 (cmc, ). (Entered: 02/10/2009) |
| 03/05/2009 | 287 | NOTICE OF HEARING as to MAHN HUU DOAN Sentencing set for 3/18/2009 04:00 PM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (jb, ) (Entered: 03/05/2009) |
| 03/10/2009 | 293 | NOTICE OF HEARING as to MAHN HUU DOAN Sentencing set for 6/16/2009 03:30 PM in COURTROOM 3A before HONORABLE MICHAEL M. BAYLSON. (jb, ) (Entered: 03/10/2009) |
| 03/31/2009 | 304 | ORDER DENYING AS MOOT 208 MOTION TO CONTINUE SENTENCE FILED BY MAHN HUU DOAN. Signed by HONORABLE MICHAEL M. BAYLSON on 3/31/09.4/1/09 ENTERED AND COPIES E-MAILED.(ke) (Entered: 04/01/2009) |
| 06/01/2009 | 310 | MOTION for Bail *Revocation* by USA as to MAHN HUU DOAN, CERT. OF SERVICE, (Proposed Order). . (BLUME, MICHAEL) (Entered: 06/01/2009) |
| 06/02/2009 | 311 | NOTICE OF HEARING ON MOTION in case as to MAHN HUU DOAN 310 MOTION to Revoke : MOTION HEARING SET FOR 6/3/2009 11:30 AM IN COURTROOM 3A BEFORE HONORABLE MICHAEL M. BAYLSON. (jb, ) (Entered: 06/02/2009) |
| 06/03/2009 | 312 | ORDER OF DETENTION AS TO MAHN HUU DOAN RE: 310 MOTION TO REVOKE BAIL FILED BY USA THAT THE DEFT. BE COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL FOR CONFINEMENT, ETC. Signed by HONORABLE MICHAEL M. BAYLSON on 6/3/09.6/3/09 Entered and Copies E-Mailed. (ke) (Entered: 06/03/2009) |
| 06/09/2009 | 313 | Minute Entry for proceedings held before HONORABLE MICHAEL M. BAYLSON Bond Revocation Hearing as to MAHN HUU DOAN held on 6/3/09.Deft. |

M.GrantDAOFiles270

9/19/2016                          United States District Court Eastern District of Pennsylvania

| | | |
|---|---|---|
| | | stipulates to Govt's. motion for bail revocation (Doc. #310) without prejudice. Court accepts Govt's. motion and will sign the order. Deft's. bail revoked pending sentencing.Court Reporter ESR.(ke) (Entered: 06/09/2009) |
| 06/09/2009 | 314 | SENTENCING DOCUMENT as to MAHN HUU DOAN, Certificate of Service. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(GRIEB, SARAH) Modified on 6/10/2009 (fh) (Entered: 06/09/2009) |
| 06/10/2009 | 315 | 🔊 Audio File 6/3/09 11:30 A.M, regarding BAIL REVOCATION HEARING held on 6/3/2009, before HONORABLE MICHAEL M. BAYLSON (mvh, ) (Entered: 06/10/2009) |
| 06/11/2009 | 316 | Supplemental SENTENCING DOCUMENT as to MAHN HUU DOAN (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(GRIEB, SARAH) (Entered: 06/11/2009) |
| 06/17/2009 | 317 | Minute Entry for proceedings held before HONORABLE MICHAEL M. BAYLSON Sentencing held on 6/16/09 for MAHN HUU DOAN (1), Count(s) 1, IMPRISONMENT 60 MONTHS, SUPERVISED RELEASE 3 YEARS, SPECIAL ASSESSMENT $400.00 AS TO ALL COUNTS, FINE $5,000.00 AS TO ALL COUNTS, RESTITUTION $5,565,672.75 AS TO ALL COUNTS; Count(s) 10, IMPRISONMENT 24 MONTHS, SUPERVISED RELEASE 1 YEAR; Count(s) 15, 2, IMPRISONMENT 151 MONTHS, SUPERVISED RELEASE 3 YEARS.Court Reporter ESR.(ke) (Entered: 06/17/2009) |
| 06/18/2009 | 318 | SENTENCING DOCUMENT as to MAHN HUU DOAN (ke) (Entered: 06/18/2009) |
| 06/18/2009 | 319 | JUDICIAL DOCUMENT AS TO MAHN HUU DOAN. Signed by HONORABLE MICHAEL M. BAYLSON on 6/17/09.6/18/09 Entered and Copies Mailed. (ke) (Entered: 06/18/2009) |
| 06/18/2009 | 320 | JUDGMENT AS TO MAHN HUU DOAN (1), Count(s) 1, IMPRISONMENT 60 MONTHS, SUPERVISED RELEASE 3 YEARS, SPECIAL ASSESSMENT $400.00 AS TO ALL COUNTS, FINE $5,000.00 AS TO ALL COUNTS, RESTITUTION $5,565,672.75 AS TO ALL COUNTS; Count(s) 10, IMPRISONMENT 24 MONTHS, SUPERVISED RELEASE 1 YEAR; Count(s) 15, 2, IMPRISONMENT 151 MONTHS, SUPERVISED RELEASE 3 YEARS. Signed by HONORABLE MICHAEL M. BAYLSON on 6/17/09.6/18/09 Entered and Copies Mailed, E-Mailed BY CHAMBERS. (ke) (Entered: 06/18/2009) |
| 06/18/2009 | 321 | 🔊 Audio File 6/16/2009 3:30 PM, regarding SENTENCING, PART 1 held on 6/16/2009, before HONORABLE MICHAEL M. BAYLSON (mvh, ) (Entered: 06/18/2009) |
| 06/18/2009 | 322 | 🔊 Audio File 6/16/2009, 3:30 PM, regarding SENTENCING, PART 2 held on 6/16/2009, before HONORABLE MICHAEL M. BAYLSON (mvh, ) (Entered: 06/18/2009) |
| 06/23/2009 | 323 | (PRO SE) NOTICE OF APPEAL FILED BY MAHN HUU DOAN RE: 320 JUDGMENT. CERTIFICATE OF SERVICE. (FILING FEE $455.00 PAID, RECEIPT #PPE003687). (ke) (Entered: 06/24/2009) |
| 06/23/2009 | 324 | Clerk's Notice to USCA re 323 Notice of Appeal - Final Judgment. (ke) (Entered: 06/24/2009) |
| 06/26/2009 | 325 | MOTION to Produce *Transcript of Sealed Portion of Hearing with Certificate of Service* by USA as to MAHN HUU DOAN. (BLUME, MICHAEL) (Entered: 06/26/2009) |
| 06/29/2009 | 326 | ORDER AS TO MAHN HUU DOAN RE: 325 MOTION TO PRODUCE TRANSCRIPT OF SEALED PORTION OF HEARING FILED BY USA THAT THE |

M.GrantDAOFiles271

| | | |
|---|---|---|
| | | COURT HEREBY AUTHORIZES THE PRODUCTION OF A COMPLETE TRANSCRIPT OF THE SENTENCING HEARING HELD ON 6/16/09, INCLUDING ANY PORTION OF THE HEARING CONDUCTED UNDER SEAL PURSUANT TO EARLIER COURT ORDER, ETC. Signed by HONORABLE LAWRENCE F. STENGEL on 6/29/09.6/29/09 Entered and Copies E-Mailed. (ke) (Entered: 06/29/2009) |
| 06/29/2009 | 327 | USCA Case Number 09-2859 as to MAHN HUU DOAN for 323 Notice of Appeal - Final Judgment filed by MAHN HUU DOAN. (ke) (Entered: 06/29/2009) |
| 07/28/2009 | 328 | MOTION to Produce *Transcript of Sealed Portion of Hearing* by USA as to MAHN HUU DOAN. (BLUME, MICHAEL) (Entered: 07/28/2009) |
| 07/29/2009 | 329 | ORDER AS TO MAHN HUU DOAN RE: 328 MOTION TO PRODUCE TRANSCRIPT OF SEALED PORTION OF HEARING FILED BY USA THAT THE COURT HEREBY AUTHORIZES THE PRODUCTION OF A COMPLETE TRANSCRIPT OF THE CHANGE OF PLEA HEARING HELD ON 9/12/06, INCLUDING ANY PORTION OF THE HEARING CONDUCTED UNDER SEAL PURSUANT TO EARLIER COURT ORDER, ETC. Signed by HONORABLE MICHAEL M. BAYLSON on 7/28/09.7/29/09 Entered and Copies E-Mailed. (ke) (Entered: 07/29/2009) |
| 08/03/2009 | 330 | SEALED TRANSCRIPT as to MAHN HUU DOAN held on 9/12/06, before Judge BAYLSON. (FILED UNDER SEAL). (ke) (Entered: 08/03/2009) |
| 08/03/2009 | 331 | SEALED TRANSCRIPT as to MAHN HUU DOAN held on 6/16/09, before Judge BAYLSON. (FILED UNDER SEAL). (ke) (Entered: 08/03/2009) |
| 08/11/2009 | 332 | TRANSCRIPT of Proceedings RE: CHANGE OF PLEA HEARING as to MAHN HUU DOAN held on 9/12/06, before Judge BAYLSON. (ke) (Entered: 08/11/2009) |
| 08/11/2009 | 333 | TRANSCRIPT of Proceedings RE: HEARING as to MAHN HUU DOAN held on 6/3/09, before Judge BAYLSON. (ke) (Entered: 08/11/2009) |
| 08/11/2009 | 334 | TRANSCRIPT of Proceedings RE: SENTENCING HEARING as to MAHN HUU DOAN held on 6/16/09, before Judge BAYLSON. (ke) (Entered: 08/11/2009) |
| 07/01/2011 | 367 | ORDER of USCA (certified copy) as to MAHN HUU DOAN re 323 Notice of Appeal - Final Judgment. IT IS ORDERED THAT THE CJA FORM 23 FINANCIAL AFFIDAVIT AND MOTION FOR APPOINTMENT OF COUNSEL UNDER THE PROVISIONS OF THE CJA IS GRANTED. (ke) (Entered: 07/01/2011) |
| 08/05/2011 | 368 | MOTION for Order *That Copies of Sealed Documents be Provided to Defense but that Documents Remain Sealed* by MAHN HUU DOAN. (SWEITZER, BRETT) (Entered: 08/05/2011) |
| 08/10/2011 | 369 | ORDER AS TO MAHN HUU DOAN RE: 368 MOTION THAT COPIES OF SEALED DOCUMENTS BE PROVIDED TO DEFENSE BUT REMAIN SEALED FILED BY MAHN HUU DOAN THAT COPIES OF THE SEALED DOCUMENTS (DOC. #205, 206, 212, 314, 316, 318, 319, 330-334), BE PROVIDED TO DEFENSE AND GOV'T. COUNSEL, BUT THAT THE DOCUMENTS REMAIN SEALED. Signed by HONORABLE MICHAEL M. BAYLSON on 8/9/11.8/10/11 Entered and Copies Mailed WITH DOCUMENTS, E-Mailed. (ke) (Entered: 08/10/2011) |
| 11/25/2011 | 370 | ORDER of USCA (certified copy) as to MAHN HUU DOAN re 323 Notice of Appeal - Final Judgment that the foregoing Motion by Appellee to Enforce Appellate Waiver and for Summary Affirmance is granted. The decision of the district court is affirmed.(mac, ) (Entered: 11/25/2011) |
| 01/03/2012 | 373 | (PRO SE) MOTION FOR RECONSIDERATION OF SENTENCE PURSUANT TO |

M.GrantDAOFiles272

United States District Court Eastern District of Pennsylvania

| | | |
|---|---|---|
| | | RULE 35 FILED BY MAHN HUU DOAN, CERTIFICATE OF SERVICE. (ke) (Entered: 01/03/2012) |
| 01/11/2012 | 374 | RESPONSE to Motion by USA as to MAHN HUU DOAN re 373 MOTION FOR RECONSIDERATION OF SENTENCE PURSUANT TO RULE 35 filed by USA (GRIEB, SARAH) (Entered: 01/11/2012) |
| 01/17/2012 | 375 | ORDER AS TO MAHN HUU DOAN THAT 373 (PRO SE) MOTION FOR RECONSIDERATION OF SENTENCE PURSUANT TO RULE 35 FILED BY MAHN HUU DOAN IS DENIED. Signed by HONORABLE MICHAEL M. BAYLSON on 1/13/12. 1/17/12 Entered and Copies Mailed TO PRO SE, E-Mailed. (ke) (Entered: 01/17/2012) |
| 12/19/2012 | 382 | (PRO SE) MOTION TO VACATE/SET ASIDE/CORRECT SENTENCE (2255) UNDER 28 U.S.C. 2255 (CIVIL ACTION 12-7088) FILED BY MAHN HUU DOAN. (ke) (Entered: 12/20/2012) |
| 01/11/2013 | 383 | SEALED MOTION FILED BY USA AS TO MAHN HUU DOAN, CERTIFICATE OF SERVICE. (FILED UNDER SEAL). (ke) (Entered: 01/11/2013) |
| 01/11/2013 | 384 | SEALED MOTION FILED BY USA AS TO MAHN HUU DOAN, CERTIFICATE OF SERVICE. (FILED UNDER SEAL). (ke) (Entered: 01/11/2013) |
| 01/14/2013 | 385 | JUDICIAL DOCUMENT AS TO MAHN HUU DOAN. Signed by HONORABLE MICHAEL M. BAYLSON on 1/14/13. 1/14/13 Entered and Copies Mailed TO PRO SE, AUSA. (ke) (Entered: 01/14/2013) |
| 01/14/2013 | 386 | JUDICIAL DOCUMENT AS TO MAHN HUU DOAN. Signed by HONORABLE MICHAEL M. BAYLSON on 1/14/13. 1/14/13 Entered and Copies Mailed TO PRO SE, AUSA. (ke) (Entered: 01/14/2013) |
| 02/01/2013 | 387 | (PRO SE) MOTION FOR RECONSIDERATION OF 382 2255 MOTION FILED BY MAHN HUU DOAN, CERTIFICATE OF SERVICE. (ke) (Entered: 02/01/2013) |
| 02/07/2013 | 388 | ORDER AS TO MAHN HUU DOAN THAT 387 (PRO SE) MOTION FOR RECONSIDERATION OF 382 2255 MOTION FILED BY MAHN HUU DOAN IS DENIED. Signed by HONORABLE MICHAEL M. BAYLSON on 2/7/13. 2/7/13 Entered and Copies Mailed TO PRO SE, E-Mailed. (ke) (Entered: 02/07/2013) |
| 03/01/2013 | 389 | (PRO SE) MOTION FOR CLARIFICATION OF FINES AND RESTITUTION AS DIRECTED BY THE U.S. COURT FILED BY MAHN HUU DOAN. (ke) (Entered: 03/01/2013) |
| 03/18/2013 | 391 | [PRO SE] MOTION FOR CLARIFICATION OF FINES & RESTITUTION. by MAHN HUU DOAN. (cmc) (Entered: 03/18/2013) |
| 12/13/2013 | 393 | MOTION for Order Defendant's Motion to Clarify Restitution Order and Certificate of Service by MAHN HUU DOAN. (Attachments: # 1 Exhibit Attachment - Judgment) (SARNER, FELICIA) (Entered: 12/13/2013) |
| 12/16/2013 | 394 | ORDER THAT 393 MOTION TO CLARIFY RESTITUTION ORDER FILED BY MAHN HUU DOAN IS GRANTED, AND THE ORDER PREVIOUSLY IMPOSED AT SENTENCING IS HEREBY CLARIFIED TO STATE THAT DEFT'S. MONETARY PENALTIES ARE TO BE REPAID AT $25 QUARTERLY INSTALLMENTS THROUGHOUT THE REMAINDER OF HIS CUSTODIAL SENTENCE, ETC. Signed by HONORABLE MICHAEL M. BAYLSON on 12/16/13. 12/16/13 ENTERED AND COPIES E-MAILED. (ke) (Entered: 12/16/2013) |
| 05/08/2014 | 395 | CJA 23 Financial Affidavit by MAHN HUU DOAN (ke) (Entered: 05/08/2014) |

M.GrantDAOFiles273

9/19/2016

| 05/27/2014 | 396 | ORDER of USCA 14-2035 (certified copy) as to MAHN HUU DOAN Appellant's application for leave to file a second or successive motion to vacate sentence pursuant to 28 U.S.C § 2255 is DENIED. Appellant's claim does not rely on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, Etc. (cmc,) (Entered: 05/27/2014) |
|---|---|---|

**PACER Service Center**

**Transaction Receipt**

09/19/2016 15:39:57

| PACER Login: | jjmm1157:2666548:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:06-cr-00357-MMB |
| Billable Pages: | 7 | Cost: | 0.70 |

M.GrantDAOFiles274