# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL GRANT, | : | CIVIL ACTION |
| Petitioner, | | |
| | : | |
| KEVIN KAUFFMAN, et al., | : | NO. 19-6132 |
| Respondents. | | |

## STATUS UPDATE REGARDING THE EXPIRATION OF THE RELEASE/RETRY DEADLINE

On July 31, 2023, this Court conditionally granted the petition for writ of habeas corpus, with a retrial deadline of 120 days. Respondents asked for, and were granted, a single extension of that deadline. The current release/retry deadline is now December 28, 2023. Respondents sought the extension so Respondents could consider information recently given to them by Grant's counsel. Grant's counsel had recently indicated that Grant was not interested in any non-trial disposition and either demanded a nolle pros or a new trial.

After discussing this internally, the case has been transferred to the District Attorney's Office's carjacking unit for retrial.

Under settled federal law, the expiration of a federal court's deadline to release or retry a habeas corpus petitioner does not limit the Commonwealth's ability to re-prosecute a defendant. *Carter v. Rafferty*, 781 F.2d 993, 998 (3d Cir.

1986), *abrogated on other grounds by Hilton v. Baunskill*, 481 U.S. 770 (1987). This is because the federal deadline applies only to the timeframe in which the Commonwealth is permitted to continue holding a petitioner based upon the conviction the federal courts have declared unconstitutional. *Id.* The deadline has no bearing on the original indictment or any re-prosecution which may occur under ordinary state process. When a federal writ is executed, "[i]t is petitioner's *conviction*, not his *indictment*, which has been declared unconstitutional" by a federal court. *Id.* (citation omitted) (emphasis in original). Therefore, "[n]othing…prevents [a] state from dealing with a habeas releasee who will be retried as the State would deal with any other State prisoner who has yet to stand trial." *Id.* Thus, a "prevailing habeas petitioner [can be] released by order of the district court and immediately rearrested by state authorities on the same crime." *Id.; see also Wilson v. Beard*, 2012 WL 1382447 *5 (E.D. Pa. Apr. 20, 2012), *aff'd, Wilson v. Sec'y Pennsylvania Dep't of Corr.*, 782 F.3d 110 (3d Cir. 2015) ("an order granting the state a limited window of time to retry the petitioner is not an absolute deadline for retrial," expiration of the federal deadline simply means that "the petitioner's 'position is now no more or less than that of any other state-indicted, not-yet-tried individual."); *see also Washington v. Beard*, 258 F. Supp. 3d 512, 517 (E.D. Pa. 2017) (same).

Therefore, while Respondents do not seek an extension of the release/retry deadline, this will not limit their ability to retry Mr. Grant.

Respectfully submitted,

*/s/ Katherine Ernst*
Katherine Ernst
Assistant District Attorney
Federal Litigation Unit

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GRANT,** | : | **CIVIL ACTION** |
| Petitioner, | | |
| | : | |
| **KEVIN KAUFFMAN, et al.,** | : | **NO. 19-6132** |
| Respondents. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2023 the foregoing motion was served on all counsel of record via this Court's ECF system.

                                                  */s/ Katherine Ernst*
                                                  Katherine Ernst, Esquire
                                                  Assistant District Attorney
                                                  Federal Litigation Unit